```
FILED
JEANNE A. NAUGHTON, CLERK
NOV. 12, 2020
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: Zelda Haywood
       DEPUTY
```

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In Re:<br>**SERGEY FRADKOV,**<br>　　　　　Debtor. | Case No.:　　20-18987-JKS<br>Chapter:　　13<br>Judge:　　Hon. John K. Sherwood |

# DECISION AND ORDER
## RE: DEBTOR'S ELIGIBILITY TO PROCEED UNDER CHAPTER 13

　　The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

_____
HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated: November 12, 2020

Page 2
Debtor:            SERGEY FRADKOV
Case no.:          20-18987-JKS
Caption of Order:  Decision and Order Re: Debtor's Eligibility to Proceed Under Chapter 13

---

**THIS MATTER** is before the Court for confirmation of the Chapter 13 plan of Sergey Fradkov ("Debtor").  Objections to the plan have been filed by the Chapter 13 Trustee and the Debtor's ex-wife, Natalie Kronfeld ("Kronfeld").  Both parties contend that the Debtor is not eligible for Chapter 13 relief because he exceeds the debt limits set forth in § 109(e) of the Bankruptcy Code.  The Court has reviewed the parties' submissions and makes the following findings of fact and conclusions of law:

1.  The Debtor filed his Chapter 13 petition on July 29, 2020.  11 U.S.C. § 109(e) limits relief under Chapter 13 to individuals with less than $419,275 in non-contingent, liquidated, unsecured debts as of the petition date.  The Debtor's schedules of unsecured claims (Doc. 14-4) include debts due to Kronfeld in the amount of $1,200,000 which were incurred on June 10, 2015.  The Debtor designates Kronfeld's claims as contingent and unliquidated.  Kronfeld challenges these designations. The Debtor's schedules of unsecured claims also include two (2) mortgage notes issued by JPMorgan Chase Bank, N.A. ("Chase") in the amount of $356,000.00 incurred on June 20, 2004 and PNC Bank, N.A. ("PNC") in the amount of $56,087.00 incurred on June 20, 2004 (collectively, the "Notes").

2.  A debt is contingent where "the debtor 'will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor.'" *In re Weiss*, 251 B.R. 453, 465 (Bankr. E.D. Pa. 2000) (quoting *In re Fostvedt*, 823 F.2d 305, 306 (9th Cir. 1987)).  A non-contingent debt is one where "all events giving rise to the liability for the debt occurred prior to the debtor's filing for bankruptcy." *Id*. (quoting *In re Mazzeo*, 131 F.3d 295, 303 (2d Cir. 1997)). A debt is liquidated if "the value of the claim is easily ascertainable." *In re Saunders*, 440 B.R. 336, 341 (Bankr. E.D. Pa. 2006).

Page 3
Debtor:            SERGEY FRADKOV
Case no.:          20-18987-JKS
Caption of Order:  Decision and Order Re: Debtor's Eligibility to Proceed Under Chapter 13

___

    3. The Debtor conveyed his ownership in his marital property to Kronfeld by Deed dated May 29, 2020 (Doc. 36-6) but does not dispute that he is still obligated on the Notes. If the Debtor's liability on the Notes is liquidated and noncontingent, he would exceed the unsecured debt limits for Chapter 13. The Court finds that the liability on the Notes is liquidated as the amount of the claim is based on a written instrument and is easy to determine. The Debtor contends that his liability on the Notes is "contingent" because it is likely that the liability would be satisfied by a sale of the marital property. As the Debtor is not an owner of the property but is still liable on the Notes, it can be argued that he is more like a guarantor of the Notes. Courts have held that liability on a guaranty is a "classic example" of a contingent debt. *See, In re Pennypacker*, 115 B.R. 504, 507 (Bankr. E.D. Pa. 1990). But the Debtor is still liable as a co-borrower on the Notes in the formal sense. In a factually similar situation, the Court in *In re Green*, 574 B.R. 570 (Bankr. E.D.N.C. 2017), held that a husband's joint liability with his ex-wife on a mortgage note where the mortgaged property was transferred to the wife in divorce proceedings was not contingent or unliquidated for § 109(e) purposes. The Court held this way even though it was likely that the mortgage lender would first pursue its collateral for satisfaction of its claim. *Id*. at 579-80. In a guaranty situation, the liability of the guarantor is contingent upon the default of the principal. That is not the case here as the Debtor is already liable on the Notes. The fact that the holders of the Notes will probably be satisfied from the mortgaged property does not make the debts unliquidated or contingent.

    4. The Debtor also contends that the April 23, 2020 State Court Order directing that judgment be entered against him in the amount of $1,200,000 (Doc. 31-2) in his divorce proceeding should not count against the debt limits under § 109(e). The second paragraph of the Order memorializes a debt due from the Debtor to Kronfeld which was not contingent upon future events.

Page 4
Debtor:             SERGEY FRADKOV
Case no.:           20-18987-JKS
Caption of Order:   Decision and Order Re: Debtor's Eligibility to Proceed Under Chapter 13

---

The amount of the debt is based on a written document (the Order) and is easily calculated - $1,200,000. The Debtor argues that because no judgment was entered against him pre-petition, the amount owed is contingent and unliquidated. (Doc. 36). The Debtor cites to various cases that hold that the entry of a state court judgment against a debtor pre-petition renders the claim liquidated and non-contingent. Though the Court agrees with this conclusion, it does not follow that <u>only</u> claims that have been reduced to judgment are counted for Chapter 13 eligibility purposes. It is widely recognized that a debt is liquidated if the claim is determinable by reference to an agreement or by simple computation. And, a debt is noncontingent if all the events giving rise to liability take place prior to the filing of the petition. *See, In re Green*, 574 B.R. at 576-77. There is certainly no requirement that a debt be memorialized by a judgment to be considered liquidated and noncontingent. Finally, the Debtor refers to the property settlement agreement between him and Kronfeld and suggests that the $1.200,000 obligation was subject to numerous contingencies including the sale of the marital home and relocation by Kronfeld and the daughter to New York City. (Docs. 36-1, 36-2). While this may have been the case when the property settlement agreement was executed in June 2015, the State Court Order that memorializes the noncontingent $1,200,000 obligation was entered in April 2020. Kronfeld has certified that the State Court Order directing entry of the $1,200,000 judgment against the Debtor was based on his failure to abide by the terms of the property settlement agreement. (Doc. 37-3, Ex. B). Thus, the Debtor cannot rely on the arguably contingent nature of his monetary obligations under the property settlement agreement. Based on his apparent breach of the property settlement agreement and his failure to follow State Court orders, the State Court has rendered the $1,200,000 obligation noncontingent.

**THEREFORE, IT IS ORDERED** that Debtor is not eligible to be a debtor under Chapter 13 because he exceeds the debt limits set forth in § 109(e) of the Bankruptcy Code. This case will

Page 5
Debtor:             SERGEY FRADKOV
Case no.:           20-18987-JKS
Caption of Order:   Decision and Order Re: Debtor's Eligibility to Proceed Under Chapter 13

_____

be dismissed within 10 days of the date hereof if the Debtor has not moved to convert the case to

another chapter.